IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EQUIVEST FINANCIAL, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:18cv606-MHT (WO) |
| JOHN JOSEPH BONICELLI, et al., | ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff filed this action in the Circuit Court of Montgomery County, Alabama, asserting claims for ejectment and to quiet title to real property, and naming six defendants, including the United States. The United States removed the action to this court pursuant to 28 U.S.C. §§ 1442(a)(1) (providing for removal of actions against the United States for acts taken in the collection of revenue) and 1444 (providing for removal of foreclosure actions against the United States). The court has original jurisdiction over the claims against the United States pursuant to 28 U.S.C.

§ 1346(f) ("The district courts shall have exclusive original jurisdiction of civil actions under [28 U.S.C.] section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."); and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Plaintiff and the United States have now reached a settlement, and all claims against the United States have been dismissed. Thus, the court has dismissed all claims over which it had original jurisdiction.

"[D]istrict courts may decline to exercise supplemental jurisdiction ... if ... the district court

2

has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to remand a case to state court under this provision, "the judge should 'take into account concerns of comity, judicial economy, convenience, fairness, and the like.'" *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (citations omitted).

Having considered these factors, the court finds that none weighs against, and several factors counsel in favor of, remand. Because the state court is far more familiar than this court with the handling of claims of ejectment and for a bill to quiet title, judicial economy and convenience counsel in favor of remand. In addition, as the plaintiff originally chose a state forum for this action, and no other party seeks a federal forum, it is fair that the case now be remanded.

\*\*\*

3

Accordingly, it is the **ORDER, JUDGMENT, and DECREE** of the court that, pursuant to 28 U.S.C. § 1367(c)(3), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

The clerk of the court is **DIRECTED** to take appropriate steps to effect the remand.

This case is closed in this court.

**DONE**, this the 18th day of October, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**